Birchard, C. J.
Two grounds of objection are taken to this bill. 1st. That it is not competent for the complainant to maintain a suit in equity, to enforce the performance of the trusts upon which the trustees of Lane Seminary hold the corporate property.
2d. That if such suit may be maintained by any private individual, that complainant has no such interest in the subject matter, as will enable him to maintain it.
In support of the bill, and in answer to these grounds of objection, it is argued that there is a direct privity of estate and of contract between the grantor and grantee, in the deed, and *328 so long as both parties are living, either party may enforce its execution. If this be so, it must be because their remains some . , . in the grantor, as certm que trust, or beneficiary, or that he stands in the relation of founder, retaining an interest.
We can see no such interest. The mere fact of being a Presbyterian of the Old School is insufficient. No one would pretend that any member of that branch of the Presbyterian Church could maintain the bill. But if that relationship would in any case be sufficient, such suit would have to be presented by all persons belonging to the society, or by some one sueing for himself in behalf of all. This bill proceeds on no such ground, and as said before, mere membership of that branch of the Presbyterian Church would not be sufficient. This is not like the case of one who, being a member of a congregation, sues in behalf of himself and other members of the same congregation to compel the proper administration of a common property, in which each and every member has a specific but joint interest, for here there is no interest in the estate. The deed expressly grants away the entire estate and “ covenants that in no case shall any part of the property or its avails ever revert to the grantors their heirs or assigns,” but in case the Lane Seminary shall ever fail or become extinct shall go to certain religious or benevolent societies. No right remained in Kemper under this deed. The property from him passed to a public institution as a gift to the public, or for the benefit of the public, and he can claim no right to interfere beyond that of any other member of community. The consequences of allowing a suit to proceed in his name would be that it would conclude nothing, and the door of litigation would never be thereby closed. If Mr. Kemper may file his bill and compel an answer, so may any other individual who has donated propperty or funds to the Seminary, for each donor has the same right, and when the suit of one is determined, if it fail, another may prosecute a like suit, and so on ad infinitum, and neither one or all the cases thus decided could be plead in bar to a further litigation. This shows that however great may be the *329 wrong conplained of, there is much propriety in requiring suits of this nature to be carried on and conducted in the name only of a public officer, who may lawfully represent the whole munity, or at least all that portion of it who are interested equally with complainant. It has been claimed that a visitatorial power existed in Kemper as founder, which would enable him to supervise the execution of the trust and maintain a bill to correct abuses. But the case shows no such founding of this Seminary, as entitles him to the exercise of visitatorial powers. He was but one of several donors, and the donation was to incorporated trustees. This vested the visitatorial power of all the donors in those trustees, subject only to the control of a Court of Chancery for any abuse of their trust. Allen v. McKeen, 1 Sum. Rep. 300. And as before stated, the general Chancery power of the Court should only be exercised when called into action by a party who may prosecute, and in whose favor or against whom the decision will be obligatory and final as to all matters involved in the litigation. If we are correct in this, the objections presented by the defendants on demurrer are, in the opinion of two members of the Court, substantial, and not, as argued by counsel, a mere matter of form.
But were it admitted that as donor he has a right to require the trustees to adhere strictly-to the objects of the donation and not divert the funds, it must still be observed that he is but one of several grantors in the deed and should not be allowed to proceed and try the question which he makes upon the bill, and which shows the others equally interested, without bringing them before the Court.
Again, we are asked to allow an amendment should we deem it important that the suit be brought by the prosecuting attorney. In reply to this it may be said that amendments, when proper, are a matter of discretion, to be granted or refused according to the dictates of a sound legal judgment. Upon the question whether this is a case for amendment we are divided, and give, according to the course of our practice, no opinion. The motion fails on division.

Bill dismissed.